ROSE NEEDLE, Appellant, v. NEW YORK RAILWAYS CORPORATION, Respondent.

IRVING NEEDLE, Appellant, v. NEW YORK RAILWAYS CORPORATION, Respondent.

First Department, November 29, 1929.

*Harold R. Medina* of counsel [*Joseph Levy* and *William F. Mc Nulty* with him on the brief; *Levy & Becker*, attorneys], for the appellants.

*Henry J. Smith* of counsel [*Ambrose Clogher* with him on the brief], for the respondent.

FINCH, J.   The plaintiffs, husband and wife, appeal from judgments in favor of the defendant entered upon the verdicts of a jury.

The actions arise out of personal injuries to the plaintiff wife, due to the alleged negligence of the defendant in the operation of its trolley car, which struck the injured plaintiff as she was crossing from the westerly to the easterly side of Lexington avenue at a point fifty or sixty feet south of Thirty-second street.

The principal issue upon the trial was the circumstances under which the accident happened.   This was sharply disputed, the plaintiff contending she attempted to cross while the trolley car was at a dead stop, and that when she was upon the track the motorman started the car with his head turned away, thus failing to see the plaintiff.

The defendant, on its part, denied that the car had stopped, but claimed the plaintiff had crossed the tracks in front of the moving car, and suddenly jumped back in order to avoid a truck.

In support of the defendant's version of the attendant circumstances of the accident, it offered in evidence a police blotter containing a report of a police officer who did not see the accident but based his report upon hearsay statements made to him by third parties, including the motorman of the car, and which contained the statement "Responsibility Pedestrian."   Over the objection and exception of the plaintiff this report was admitted in evidence, upon the authority of section 374-a of the Civil Practice Act, which was added by chapter 532 of the Laws of 1928, and reads as follows:

"§ 374-a. Admissibility of certain written records.   Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of said act, transaction, occurrence or event, if the trial judge shall find that it was made in the regular course of any business, and that it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event, or

within a reasonable time thereafter. All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility. The term business shall include business, profession, occupation and calling of every kind."

This section was enacted in order to do away with the archaic rules of procedure in relation to book entries. The section, however, does not cover and should not cover the use to which it was here put in permitting in evidence the report of the police blotter. Primarily the urge for this procedural change was the same as that which first produced the limited " shop book " rule enunciated in the early New York case of *Vosburgh* v. *Thayer* (12 Johns. 461), and which also has produced further extensions of that rule, namely, the reasonable requirements of business men in having admitted in evidence entries of a commercial nature. As enacted this section does not cover commercial entries alone. It is to be noted, however, that in every case where the section applies the fact must be found by the trial judge that the entry " was made in the regular course of any business * * *." In the case at bar, to show that this record is inadmissible, it is only necessary to point out that the statements made to the policeman, upon which he based his report, were not made by any person in the regular course of any business, but on the contrary, the report of the policeman was made upon the irresponsible. gossip of by-standers and the even more unreliable conclusion of the interested motorman who, instead of being so placed as to be presumed to be without a motive to falsify in helping to make the record, had every reason to give a biased and false report. The police blotter, therefore, was erroneously admitted. This holding is also in accord with that of the Appellate Division, Second Department, in sustaining the exclusion of a police blotter under circumstances similar to those in the case at bar (*Johnson* v. *Lutz*, 226 App. Div. 772), where the decision of the court reads: " Judgment and order unanimously affirmed, with costs. The verdict was not excessive. Section 374-a of the Civil Practice Act refers to an act, transaction, occurrence or event in which someone engaged in the business actually participated. The witnesses of the accident who made statements to the policeman were not engaged in the police business in the course of which the memorandum of the transaction was made. The policeman did not witness the accident. His report is based upon what others told him. It is not within the purview of the section. Other alleged errors in the admission of testimony are inconsequential."

As noted, therefore, it was error to admit in evidence the blotter

in question and, since this evidence bore directly upon the closely contested and vital issue of fact between the parties, it cannot be disregarded.

It follows that the judgments and orders appealed from should be reversed and a new trial ordered, with costs to appellants to abide the event.

DOWLING, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

In each action: Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.