VINCENZO GEROEAMI, Appellant, *v.* FANCY FRUIT AND PRODUCE CORP. and Another, Respondents.

First Department, December 11, 1936.

*Isidor Enselman* of counsel [*Louis Richman* with him on the brief; *Louis Solomon*, attorney], for the appellant.

*George J. Stacy* of counsel [*Louis Fidelis Phillips* with him on the brief; *James J. Mahoney*, attorney], for the respondents.

O'MALLEY, J.   The plaintiff sustained serious injuries as a result of being struck by the corporate defendant's truck early on the morning of January 8, 1935.

There was a sharp conflict in the evidence.   Plaintiff's tended to show that the truck, which was proceeding southerly on the west side of Prospect avenue and being driven by the individual defendant Levin, turned suddenly to the left and came into contact with him while he was on the left side of the street at a point on the north-bound car tracks.   Levin claimed that the plaintiff ran from behind an elevated pillar on the west side of the street directly in the path of the truck.   While admitting that the truck eventually turned to the left and came to a stop at a point on the easterly side of the street, he testified that this resulted from the efforts made by him to avoid the accident.   In addition, he testified that his truck skidded after he applied his brakes.

Plaintiff's counsel contends that the weight of evidence was with the plaintiff and that the verdict would in all probability have been in his favor had it not been for prejudical error committed. The appeal is predicated solely upon this ground.

The plaintiff was taken to a hospital.   There was admitted into evidence over the objection of plaintiff's counsel the first page of the hospital report containing the patient's history.   This report reads: " Patient was hit by automobile 25 minutes before admission.   *He was intoxicated at the time.*   He was unconscious for about a half hour following the accident.   History of bleeding

from ears and nose not obtainable. Patient vomited, but he says it was before the accident not after. No history of convulsions or tremors." (Italics ours.) The report was signed by Dr. Sherman.

Aside from this report there was no evidence whatever that the plaintiff at the time of the accident was intoxicated. No doctor at the hospital diagnosed the case as one of intoxication, and Dr. Sherman, who was called at the trial, positively testified that the plaintiff was not intoxicated. He further testified that the reference to intoxication contained in the report was predicated upon information he received from " some bystander there who claimed he brought the man into the hospital." Dr. Sherman was unable to identify or describe the man who gave him the information, nor was there evidence that the person who gave it was at the scene of the accident.

The record objected to was received under the provisions of section 374-a of the Civil Practice Act. In our view the admission of the objectionable part of the history in question may not be justified under the provisions of this section.

The Court of Appeals and this court have had occasion to construe the statute and its effect. In *Johnson* v. *Lutz* (253 N. Y. 124) a policeman's report of an accident filed by him in the station house was sought to be introduced. It was offered, but excluded. In sustaining the ruling, HUBBS, J., writing for the court, stated:

" In view of the history of section 374-a and the purpose for which it was enacted, it is apparent that it was never intended to apply to a situation like that in the case at bar. The memorandum in question was not made in the regular course of any business, profession, occupation or calling. The policeman who made it was not present at the time of the accident. The memorandum was made from hearsay statements of third persons who happened to be present at the scene of the accident when he arrived. It does not appear whether they saw the accident and stated to him what they knew, or stated what some other persons had told them.

" The purpose of the Legislature in enacting section 374-a was to permit a writing or record, made in the regular course of business, to be received in evidence without the necessity of calling as witnesses all of the persons who had any part in making it, provided the record was made as a part of the duty of the person making it, or *on information imparted by persons who were under a duty to impart such information.* The amendment permits the introduction of shopbooks without the necessity of calling all clerks who may have sold different items of account. It was not

intended to permit the receipt in evidence of entries based upon voluntary hearsay statements made by third parties not engaged in the business or under any duty in relation thereto." (Italics ours.)

In *Needle* v. *New York Railways Corp.* (227 App. Div. 276) this court held that it was prejudicial error, requiring a reversal, to admit in evidence a police blotter containing a report made by a police officer who did not see the accident, but based his report upon hearsay statements.

Here the person giving the information was not identified and, so far as appears, did not witness the accident. Nor was it shown that the information came from one under a duty to impart it. The hearsay statement referred to contained in the hospital report was, therefore, clearly incompetent and no doubt highly prejudicial.

As already appears, there was no evidence whatever tending to establish the plaintiff was intoxicated. But the defendants' counsel sought on cross-examination of the plaintiff and other witnesses to show the contrary. The jury, therefore, may have very well gained the impression that there was some basis for the defendants' claim. The objectionable statement contained in the hospital history, therefore, might well have been the turning point in the case.

It follows, therefore, that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

MARTIN, P. J., TOWNLEY, GLENNON and COHN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.