Eileen Tapscott, Administratrix of Estate of Richard Tapscott, Deceased, Appellee, v. City of Chicago, Appellant.

Gen. No. 40,589.

Opinion filed October 3, 1939. Rehearing denied October 18, 1939.

BARNET HODES, Corporation Counsel, for appellant; ALEXANDER J. RESA and L. LOUIS KARTON, Assistant Corporation Counsel, of counsel.

JOHN A. DOUGHERTY and JOSEPH W. COX, both of Chicago, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This action is brought by plaintiff as administratrix of the estate of Richard Tapscott, deceased, seeking to recover damages for his death from injuries received in an accident while a passenger in an automobile proceeding north on Halsted street in Chicago, caused by the failure of defendant to keep the street in repair; the jury returned a verdict finding defendant guilty and assessing damages at $7,500. Defendant appeals from the judgment.

The accident occurred about eight o'clock in the evening of November 7, 1936; as the automobile, driven north on Halsted street by Donald Shaw, approached 103rd street it ran into a hole in the street which threw it against a truck; Tapscott was in the back seat, apparently asleep. It was stipulated that he died from injuries suffered in this accident. The hole was in the

center of the northbound traffic way on Halsted; it was between 3 to 5 feet square and about 12 inches deep at its greatest depth in the center; it had been there practically all the summer of 1936, and was gradually getting worse.

Defendant in its brief asserts that Halsted street between 103rd and 104th streets, which includes the point where this hole was, is State Highway No. 1, under control of the State, and therefore defendant, City of Chicago, is not liable for injuries occurring through any neglect in its upkeep.

There was no formal proof that this was a State highway. There was only the unsupported statement to this effect of an assistant engineer for the State highway department. On the contrary it was shown that the street at this point was paved and used by general traffic and street cars, patrolled by city police officers and had the customary green and red stop lights. This was prima facie evidence that it was a city street. *Brenner v. City of Chicago*, 182 Ill. App. 348 (Abst.). Moreover, this point was not raised upon the trial and all the instructions given at the request of defendant assumed that defendant was charged with the duty of maintaining and keeping the street at this point in repair. The whole theory of the case presented to the jury assumed it was a city street under defendant's control.

We might at this point rest the question of the liability of defendant without further comment. However, there is in evidence a contract between the State and the city of Chicago, dated June 28, 1937, in which the city of Chicago agreed to maintain certain streets, including "all necessary repairs." At other places in the contract the city undertakes to make "repairs." Assuming that this contract covers Halsted street at the point in question, defendant is liable for its negligence in failing to keep the street in repair. *Hanrahan v. City of Chicago*, 289 Ill. 400; *Schmidt v. City of Chi-*

*cago,* 284 Ill. App. 570; *Village of Palestine v. Siler,* 225 Ill. 630; *People v. Willison,* 237 Ill. 584.

The main issue presented to the jury was whether plaintiff's decedent was guilty of contributory negligence; it is said the evidence shows he was under the influence of liquor and submitted himself to be driven by Shaw who was also intoxicated. They had been attending a football game; there was evidence that each had two drinks of whisky about 3:30 o'clock in the afternoon, and later on had a sandwich and a glass or two of beer. Shaw, the driver, testified he was not intoxicated when the accident happened; that as he crossed 104th street, going north on Halsted, he was going about 35 or 40 miles an hour; that before he reached the hole a car passed him on the right and he was watching it; that after it passed him he looked down at the road and saw ''a big hole in the street'' and tried to apply his brakes and turn away from it. The question of whether plaintiff was guilty of contributory negligence was entirely for the jury to determine and we cannot say that its verdict in this respect is manifestly against the weight of the evidence.

We see no good reason for disturbing the judgment and it is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.