MARY COTTRELL, as Administratrix, etc., of FRANK J. COTTRELL, Deceased, Appellant, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent.— Judgment and order reversed on the law and a new trial granted, with costs to

the appellant to abide the event. Memorandum: We are of the opinion that prejudicial error was committed on the trial in permitting the defendant to show, upon cross-examination of the plaintiff's witness, that the hospital records contained a notation that the assured (plaintiff's intestate) had taken ten bichloride of mercury tablets. The rule seems to be well established in this State that such notations are not made admissible in evidence by section 374-a of the Civil Practice Act. (*Geroeami* v. *Fancy Fruit & Produce Corp.*, 249 App. Div. 221, 223; *Wolf* v. *Kaufman*, 227 id. 281; *Johnson* v. *Lutz*, 253 N. Y. 124; *Needle* v. *N. Y. Railways Corp.*, 227 App. Div. 276; *Matter of O'Grady*, 254 id. 691.) We have considered respondent's claim that the court should have directed a verdict in favor of defendant upon the ground that plaintiff's proofs of death failed to show that death was due to accident. While the filing of such proofs was a condition precedent to liability for double-indemnity under the sued-upon policy (see *Wachtel* v. *Equitable Life Assurance Society*, 266 N. Y. 345), we think that the court should have received in evidence the proofs which plaintiff filed on October 9, 1939, and that such proofs, together with proofs previously filed, were sufficient to meet the policy provision in respect to filing proof of death by accidental means. (See *Santos* v. *John Hancock Mutual Life Ins. Co.*, 245 App. Div. 198, 200.) All concur. (The judgment is for defendant in an action under an accidental death rider on a life insurance policy. The order denies a motion for a new trial.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.