Marion Anderson, as Administrator of Estate of Myron Anderson, Deceased, Plaintiff-Appellee, v. Virgil Launer, Defendant-Appellant.

Gen. No. 10,101.

Third District.

May 20, 1957.

Released for publication June 5, 1957.

■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■

R. L. Northcutt, and F. W. Reither, both of Beardstown, for defendant-appellant.

Edward J. Flynn, of Jacksonville, and Milton McClure, of Beardstown, for plaintiff-appellee.

JUDGE ROETH delivered the opinion of the court.

This is an action brought by the administrator of the estate of Myron Anderson against the defendant Virgil Launer growing out of an automobile accident. A jury found the defendant guilty. The assessed damages were thereafter reduced by stipulation and a judgment entered for the stipulated amount. This appeal is from that judgment.

The defendant was the owner of an automobile and plaintiff's intestate was a guest in that automobile along with two young ladies, Sharon Spoon Ring and Rosemary Hamilton. As a result of the accident plaintiff's intestate and Rosemary Hamilton lost their lives. At the time of the accident the defendant was 20 years old, plaintiff's intestate was 19, Sharon Spoon Ring was 15 and Rosemary Hamilton 14 years of age. This action was brought under the wrongful death statute for the death of Myron Anderson. The only witness to testify as to the facts of the accident was Sharon Spoon Ring. Defendant was called by plaintiff to testify under Sec. 60 [Ill. Rev. Stats. 1955, ch. 110, § 60] and .

stated that he had no recollection of the accident nor events just prior to it, and no testimony was given as to why he could not remember, whether from injuries or other causes.

The testimony showed that the four young people started out for an evening in defendant's car, between 7:00 and 8:00 P.M. The defendant and plaintiff's intestate stopped at a tavern where they purchased 12 cans of beer and a pint of whiskey. They drove out of town to a country lane where they parked. Each of the girls drank two cans of beer and the boys drank the balance and each of them drank some whiskey. The evidence is conflicting as to the amount of beer consumed by the defendant but the indications were he drank anywhere from two to five cans. From there they proceeded to a tavern in Havana, Illinois where they consumed more beer. The defendant had no recollection of events that followed his entering the tavern. Sharon Spoon Ring testified that at about 11:30 P.M. which was one hour after they arrived at the tavern in Havana, she left the party and reclined in the back seat of the car where she went to sleep. Her next recollection was when the car swerved just immediately preceding the accident. She testified that the car swerved to the left and that she raised up and defendant was driving, with Rosemary Hamilton seated at his right and with plaintiff's intestate next to the Hamilton girl and against the right front door. She testified that defendant had consumed five cans of beer, drank some of the whiskey and had at least two bottles of beer in a tavern at Havana before she went to the car and in her opinion he was intoxicated the last time she saw him. She testified that she had no recollection of the events that occurred from the time she fell asleep in the back seat of the car until awakened by the swerving of the car immediately preceding the accident. A State Highway Patrolman arrived at the scene of the accident at 7:00 A.M. An ambulance

533

arrived shortly thereafter. A wrist watch found at the scene was stopped at 2:05. The witness Ring estimated that she was in the car for 6 hours after the accident occurred.

The testimony showed that the highway upon which the accident occurred is U. S. Route 78 and ran in a general north-south direction and that the car in which the parties were travelling was headed in a southerly direction prior to the accident and that it came to rest over an embankment on the east side of the road facing in a northerly direction after the accident. Testimony of the patrolman and ambulance driver indicates that the car had left the hard road and ran along the shoulder on the right or west side of the road, swerved from the right to the left side or east side of the road, after travelling a distance of approximately 100 feet, proceeded down the left shoulder of the road for approximately another 100 feet where it plunged down the embankment, partially uprooted a tree, and came to rest on its right side; that the distance the car travelled from the point where it left the pavement on the west shoulder to the point where it came to rest was between 300 and 400 feet.

Defendant raises four questions on this appeal, (1) that the preponderance of the evidence did not prove that the defendant was driving the car in question (2) there was no evidence tending to prove that the defendant was guilty of any wilful and wanton misconduct or that plaintiff's intestate was free from wilful and wanton misconduct (3) that plaintiff's intestate was guilty of contributory wilful and wanton misconduct as a matter of law, and (4) the verdict was against the manifest weight of the evidence.

■ ■ Considering the first question raised, it is to be noted that the defendant testified that he owned the car. The Supreme Court of this state has held that proof of ownership raises the presumption that

534

the car was under the defendant's control at the time of the accident and the burden of rebutting this inference then passes to the defendant. Robinson v. Workman, 9 Ill.2d 420, 137 N.E.2d 804. Kavale v. Morton Salt Co., 329 Ill. 445, 160 N. E. 752. In addition the witness Ring testified that when she raised up on the back seat the defendant was driving. In an effort to establish that the defendant was not driving the automobile at the time of the accident, defendant testified that he sustained no injuries to his chest or abdomen and witnesses testified that the steering wheel in the automobile was broken and bent and that Rosemary Hamilton died of a skull fracture and crushing chest injuries. On cross examination of the witness Ring the defendant also showed by a signed statement and by her testimony at the coroner's inquest that the witness Ring had stated that she could not remember who was driving. The proof of ownership made out a prima facie case that the defendant was operating the car at the time of the accident. The weight to be accorded the testimony of the witness Ring was for the jury to determine. It cannot be seriously contended that under these circumstances the preponderance of the evidence did not prove that defendant was driving the car at the time of the accident.

Defendant urges that there was *no* proof of wilful and wanton misconduct. Direct testimony is lacking with respect to the conduct of the defendant and others while on the road immediately prior to the accident. There is ample proof that defendant had been drinking all evening. Physical facts, i.e., tracks on the shoulders, show that the car left the road, first on the west side and then on the east side before plunging over the embankment travelling for a considerable distance prior to hitting the tree. The distance that the defendant permitted the automobile to remain out of control was between 300 and 400 feet. **The opinion**

535

of the police officer based upon the physical facts was that the car was travelling at a very rapid rate of speed.

What constitutes wilful and wanton conduct depends on the facts in each case and it cannot be categorically stated what conduct is, and what conduct is not, wilful and wanton. Wilful and wanton misconduct may consist of an entire absence of care for the life, person or property of others such as exhibits a conscious indifference to consequences or utter disregard of the consequences. This proposition of law is so well established that we deem a citation of authority unnecessary. The driving of a car by one who is under the influence of intoxicating liquor, knowing that he is responsible for the driving of a motor vehicle and knowing that such vehicle in the hands of one so influenced becomes a dangerous instrumentality to the public as well as his guest, responds to all of the foregoing elements. In addition, and without reference to the question of being under the influence of intoxicating liquor, it was held in Robinson v. Workman, supra, that circumstantial proof, where that is the best available, that the car was being operated in an erratic manner, from one side of the road to the other without being under proper control was evidence of wilful and wanton misconduct. It therefore becomes apparent that we cannot hold that there was *no* evidence tending to prove the defendant guilty of wilful and wanton misconduct.

The contention that there is no evidence showing that plaintiff's intestate was free from wilful and wanton misconduct is likewise without merit. Every presumption will be indulged in, in favor of the human instinct of self preservation and avoidance of danger. Robinson v. Workman, supra, and cases therein cited. This presumption, standing alone, prohibits this court from holding that there is *no* evidence show-

536

ing plaintiff's intestate to be free from wilful and wanton misconduct. Attention is also called to Myers v. Krajefska, 8 Ill.2d 322, a case in which positive, affirmative evidence as to what decedent did or did not do at the time of the actual occurrence and immediately prior thereto, was lacking.

■ Defendant further contends that if he was guilty of wilful and wanton misconduct in driving the car while under the influence of liquor, then plaintiff's intestate was also guilty of the same misconduct in the same degree as a matter of law in that he participated in the drinking which brought about defendant's condition and then, subjected himself to the peril by voluntarily riding in the automobile. This question so far as it relates to an action under the guest act does not appear to have been passed upon by the courts of review of this state. A similar factual situation was present in Myers v. Krajefska, supra, but the point does not appear to have been raised or passed upon. In 15 A.L.R.2d 1165 (1951) there is an exhaustive annotation covering the question above raised. This annotation is supplemented by the current A. L. R. Supplement Service. An examination of many of the cases cited in the annotation leads us to conclude that under the evidence in the instant case, whether or not plaintiff's intestate was guilty of wilful and wanton misconduct in participating in the drinking and subjecting himself to the peril of riding with the defendant under the situation as here disclosed, was a jury question.

■ ■ Finally it is urged that the verdict is against the manifest weight of the evidence. A court of review cannot hold the jury's verdict to be against the manifest weight of the evidence unless an opposite conclusion is clearly evident. De Long v. Whitehead, 11 Ill.App.2d 330, 137 N.E.2d 276; Green v. Keenan, 10 Ill.App.2d 53, 134 N.E.2d 115; Griggas v. Clauson,

6 Ill.App.2d 412, 128 N.E.2d 363. In our opinion the verdict of the jury is not against the manifest weight of the evidence.

Accordingly the judgment of the Circuit Court of Cass county will be affirmed.

Affirmed.

REYNOLDS, P. J. and CARROLL, J., concur in this opinion.