Clarence **A.** Stanton, Plaintiff-Appellant, v. **The** Pennsylvania Railroad Company, a Corporation, Defendant-Appellee.

**Gen. No. 48,157.**

First District, Second Division.
October 24, 1961.
Rehearing denied December 5, 1961.

James A. Dooley, of Chicago, for appellant.

Robert H. Bierma, A. L. Foster and Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago (Max E. Wildman and Frederick W. Temple, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Plaintiff appeals from a judgment on a verdict in an action under the provisions of the Federal Employers' Liability Act against The Pennsylvania Railroad Company to recover damages for personal injuries suffered by him on August 15, 1956, while a crossing watchman where defendant's tracks intersect 18th Street in Logansport, Indiana. On that day plaintiff was regularly employed by defendant as a watchman at the crossing where seven of its tracks, running generally east and west, intersect 18th Street, a north and south thoroughfare. There were no gates, bells or flasher lights at the crossing. Defendant kept watchmen there on eight hour shifts for 24 hours a day to warn pedestrians and vehicles of approaching trains. In the course of their work the watchmen were

required to walk from a watchman's shanty to the center of the crossing where they exhibited a "STOP" sign by day and a red kerosene lantern by night. He testified that about 1:30 a. m., after warning traffic of an approaching engine and remaining there until after the engine had passed, he started to walk back to the shanty when he stepped on some gravel and cinders with his right foot, the foot slipped under him and he fell to the street on his back. He got word of the mishap to his supervisor by means of a passerby, requested relief and was relieved between 4:00 and 5:00 a. m. by another employee of defendant. There was considerable testimony as to the maintenance of the crossing surface, the illumination at the crossing, the rail and vehicular traffic and the health and work background of the plaintiff.

██ Plaintiff's brief contains a discussion under the heading: "Defendant's negligence as a matter of law." This point was not made in the post-trial motion and we understand is not urged. There can be no doubt however that there was an evidentiary basis for the verdict. Plaintiff recognizes that under Bowman v. Illinois Cent. R. Co., 11 Ill2d 186, 142 NE2d 104, cert den 355 US 837, the appellate court's function is exhausted when an evidentiary basis for the jury's verdict becomes apparent. This rule applies to verdicts against the plaintiff as well as verdicts for the plaintiff. Perez v. Baltimore & O. R. Co., 24 Ill App2d 204, 209, 164 NE2d 209; Pennell v. Baltimore & O. R. Co., 13 Ill App2d 433, 437, 142 NE2d 497; Lavender v. Kurn, 327 US 645. The verdict of the jury is supported by the evidence.

██ Plaintiff maintains that it was prejudicial error to permit defendant's witness, Phyllis Hildebrand, to read or speak from defendant's exhibits 35 and 38. These were patient slips from the office records of Dr. George Waggoner dated February 1 and

408

February 7, 1955, respectively. Over plaintiff's objection the court permitted this witness, a nurse employed in 1955 by Dr. Waggoner at his office in Delphi, Indiana, to read notations in her handwriting from each of the exhibits. We are of the opinion that the exhibits are admissible under the doctrine of past recollection recorded, and that the court was right in permitting their contents to be read to the jury. Not all of the writing on each exhibit would have been admissible. For that reason it would have been necessary to block out some of the writing. Under the circumstances the court adopted the policy of allowing the witness to read the admissible portion to the jury. Defendant laid a proper foundation for the admission of the exhibits. The requirements are stated in Diamond Glue Co. v. Wietzychowski, 227 Ill 338, 347, 81 NE 392, as follows:

"Another condition under which a writing may be used is where the witness, after inspecting a writing, still has no independent recollection of the facts stated therein, but is able to state that he correctly reduced them to writing at the time of the occurrence or within such a time afterward that he had a perfect recollection of them."

See also Koch v. Pearson, 219 Ill App 469; and Waring v. F. W. Woolworth Co., 32 Ill App2d 7, 176 NE2d 700. The witness testified that she is a registered nurse; that she worked in Dr. Waggoner's office at Delphi for four years; and that during that time she came to know plaintiff as a patient. Plaintiff testified that Dr. Waggoner was his family physician. The witness Hildebrand testified that the entries were made by her, that they were truthful and accurate when made, that she relies on them as being truthful and accurate, and that there have been no changes from the time the entries were made. We are of the opinion that under the doctrine of past recollection recorded the

court was right in permitting Phyllis Hildebrand to read from exhibits 35 and 38, and find that the trial court did not err in admitting these exhibits.

Plaintiff insists that the trial court erred in permitting defendant's exhibits 25 and 36 to be taken to the jury room. The defendant twice called plaintiff as a witness for cross-examination under Sec 60 of the Civil Practice Act. In the first instance he testified that he was "now" crippled in a manner that would interfere with the operation of his automobile and that his condition was the same in February, 1957. When recalled he stated that he started using crutches in October, 1956, and a wheel chair which he used for five months shortly after that. When further examined he was shown an application for an Indiana driver's license dated February 4, 1957, and at the request of defendant's counsel produced a driver's license bearing the same number and date as the application. He admitted signing the application and stating therein that he was not crippled in any manner. While on the stand in rebuttal he again testified and was cross-examined concerning the license application and stated that the only part of the exhibit in his handwriting was the signature, that he had not written the answers to any of the questions, that he supposed the clerk put the answers in, and that he had not been asked the questions. He could not remember going to the license bureau, but that if he did somebody took him and he went in a wheel chair; that he did not know Margaret Cottle or the name of the lady who had administered the oath; that he did not know where the application was made out; and that he imagined the answers were filled in before he signed the application. At a hearing during the pendency of a motion for a new trial it was stipulated that if Margaret Cottle, the notary public who acknowledged the plaintiff's application, could be

present, she would testify that during one period while the license office was shorthanded it was possible to obtain a driver's license by signing and sending in a blank application; that the query on the application: "Are you crippled?" did not refer to persons having injuries but to persons having some permanent deformity which would require them to have aid in driving a car, and that they were not concerned with injuries. At a hearing on the post-trial motion it was stipulated that Margaret Cottle had filled in the answers, and that the answers were in her handwriting. These exhibits were admitted without objection.

█ Plaintiff, pointing out that Par 67(4) of the Civil Practice Act provides that papers read or received in evidence, other than depositions, may be carried from the bar by the jury, says that it has long been established that such provision does not include written statements of a witness used to impeach, and that it is reversible error to permit them to go to the jury room, citing Johnson v. N. K. Fairbank Co., 156 Ill App 381; Nelson v. Northwestern El. R. Co., 170 Ill App 119; West Frankfort v. A. C. Marsh Lodge, 315 Ill 32, 145 NE 711. Plaintiff emphasizes that the exhibits were not substantive evidence competent to prove his physical condition, but were admissible only to contradict him. Plaintiff's testimony as to his signature to the application was evasive. Eventually he admitted that he signed the application. We think that these exhibits were also admissions against interest. The action of the trial judge in allowing the jury to take the exhibits to the jury room was within his discretion. The correctness of the ruling of the trial judge on the exhibits going to the jurors for their examination in considering their verdict should be determined on the record as it stood at the close of the trial. We are satisfied that the court did not

err in permitting these exhibits to be taken by the jurors in considering their verdict. See Valant v. Metropolitan Life Ins. Co., 312 Ill App 262, 38 NE2d 369 (Abst.); Kubin v. Chicago Title & Trust Co., 307 Ill App 12, 29 NE2d 859; Fein v. Covenant Mut. Benefit Ass'n, 60 Ill App 274. The judgment is affirmed.

Judgment affirmed.

FRIEND, P. J. and BRYANT, J., concur.