**Sherman Ryg, Plaintiff-Appellee, v. Gordon V. Brue, Defendant-Appellant.**

**Gen. No. 67–12.**

Third District.

January 19, 1968.

Rehearing denied February 20, 1968.

Berry & O'Conor, and Wolslegel and Armstrong, of Ottawa, for appellant.

John A. McNamara, of Marseilles, for appellee.

PER CURIAM opinion.

Plaintiff, a guest passenger in defendant's car, sued for personal injuries resulting from the alleged wilful and wanton misconduct of the defendant driver. Fourteen wilful and wanton acts were alleged in plaintiff's complaint. Among these allegations was a charge that the defendant drove the car while he was under the influence of intoxicating liquor. At the close of all the evidence, the defendant moved for a directed verdict in his favor. This motion was denied. The jury returned a verdict in favor of plaintiff in the sum of $50,000, and judgment was entered upon the verdict.

Defendant moved for judgment n.o.v., or in the alternative, for a new trial. The principal ground for relief asserted in the post-trial motion was that plaintiff was guilty of contributory wilful and wanton misconduct as a matter of law. Defendant now appeals from the judgment and from the denial of the post-trial motion.

The evidence in this case indicated that plaintiff was a farm laborer who was employed by defendant, and that during a rainy afternoon in April of 1964, he and defendant, without anything else to do, decided to visit the village of Ransom, where they stopped at a restaurant for a bite to eat and then went to a tavern. They stayed

in the tavern for six to six and one-half hours, during which time the plaintiff drank eight or nine 8-ounce glasses of draft beer. The evidence is somewhat conflicting as to the amount of beer or liquor consumed by the defendant, but he had at least the same amount as the plaintiff and perhaps more and possibly a few shots of whiskey. At about 11:30 p. m., plaintiff and defendant left the tavern and defendant drove them back to the farm in a 1954 pickup truck which he owned. The roads were slippery and a light rain was falling. The windshield wipers on the truck didn't work very well. When approaching a Y-intersection north of Ransom, plaintiff spotted a semitruck approaching them and twice warned defendant to get on his own side of the road. Defendant's truck then collided with the semitrailer on the left side of the roadway. As a result of the collision, plaintiff was seriously injured, requiring him to be hospitalized for more than a year.

The defendant testified to drinking with plaintiff in the tavern, and admitted that they bought each other rounds. He made no direct admission that he was intoxicated, but did state that he "had been drinking a little," but that he was "all right to drive." Plaintiff admitted that he and defendant drank two beers together, but said that, after the first two beers, defendant and he separated. Defendant then talked to others in the tavern.

Plaintiff, on direct examination, stated that he "didn't notice anything unusual" about defendant. However, on section 60 examination, plaintiff admitted that defendant's speech and gait were not normal, and that he knew defendant was drunk before they got into the truck together. Plaintiff then testified on his own behalf on rebuttal, and said that his opinion on defendant's intoxication was formed after the collision.

It is clear from an examination of the testimony relative to drinking and intoxication that plaintiff and defendant did drink together, and that plaintiff entered

defendant's truck voluntarily when they left the tavern. It is also clear that plaintiff did at some point in time form an opinion that defendant was intoxicated.

We are thus squarely faced with the question of whether, in the light of the foregoing facts and circumstances, plaintiff was guilty of contributory wilful and wanton misconduct. In making this determination, we must be guided by the recent pronouncement of our Supreme Court in Pedrick v. Peoria & E. R. Co., 37 Ill2d 494, 229 NE2d 504. The court there said: "In our judgment, verdicts ought to be directed and judgments n.o.v. entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant, that no contrary verdict based on that evidence could ever stand."

We are therefore bound to affirm the trial court's verdict unless all the evidence in this case and all reasonable inferences therefrom viewed in the light most favorable to the plaintiff wholly fails to support plaintiff's case.

The evidence does fairly tend to show that the plaintiff warned defendant that a truck was approaching, and that he asked him to slow down and to get over on his own side of the road. Therefore, any failure of proof on the issue of contributory wilful and wanton misconduct must rest on the issue of the intoxication.

In Anderson v. Launer, 13 Ill App2d 530, 142 NE2d 838, the court was faced with a similar factual situation. The evidence showed that defendant and plaintiff's intestate drank a quantity of liquor together, and that plaintiff's intestate then voluntarily got into the car and drove with defendant. The court was asked to rule whether this voluntary participation in the drinking and voluntary subjection to peril by riding in the automobile constituted contributory wilful and wanton misconduct as a matter of law. The court held that it did not, and concluded that this was a question for the jury to decide. A

similar result was reached in Busser v. Noble, 22 Ill App 2d 433, 161 NE2d 150.

In applying this principle to the facts in the case at bar, we must hold that whether plaintiff's voluntary participation in the drinking and his voluntary subjection of himself to the peril of riding with an intoxicated person constituted wilful and wanton misconduct was a question of fact for the jury to decide.

The evidence as to the extent of plaintiff's participation in the drinking is conflicting. Also, plaintiff's awareness of defendant's state of intoxication is not so clearly established that different inferences could not be drawn by reasonable men. These are evidentiary matters that are traditionally within the province of the jury.

The evidence in this case, viewed in its aspect most favorable to the plaintiff, does not so unquestionably favor the defendant that the verdict based on that evidence should be reversed.

For the foregoing reasons the judgment of the Circuit Court of LaSalle County is affirmed.

Judgment affirmed.