E. B. WILSON, Plaintiff-Appellant, *v.* SAMUEL T. PARKER, Defendant-Appellee.

(No. 70-24; )

Second District—May 5, 1971.

T. MORAN, P. J., specially concurring.

Dudley R. Sullivan, of Chicago, and Melvin J. McGowan, of Glenview, for appellant.

Diver, Ridge, Brydges & Bollman, of Waukegan, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

This is a collision case in which the jury found for the defendant and the court entered judgment on the verdict.

The facts of the case are that E. B. Wilson, plaintiff, was a passenger in a car being driven by Bruce O. Badger on the 2nd of March, 1965. The plaintiff, Badger, and the other two occupants were non-commissioned officers stationed at Glenview, and had been to the Acey Ducey Club where they had had some drinks. Badger was driving his vehicle in a westerly direction on Willow road at or near the intersection of Sanders road. The defendant Parker was also driving westerly on Willow road and had decreased his speed. As he was making a right turn north into Sanders road he was struck by the vehicle being operated by plaintiff's driver, Bruce Badger. Wilson was injured and sued both Badger, the driver of the vehicle in which he was riding, and Parker, the driver of the other vehicle. Apparently, a settlement was effected with Badger and the trial proceeded against Parker. The testimony of all the witnesses was that the vehicle driven by Badger, in which the plaintiff was riding, struck the defendant Parker's car on the right hand door and quarter panel. He was traveling 40-45 m.p.h. It was an unilluminated corner; it was hazy and there were fog patches; and the accident occurred about 11:45 P.M. Neither the plaintiff nor the driver Badger saw defendant's vehicle until the time of the impact, nor did the other two passengers in Badger's car.

The first contention of the appellant is that the court improperly allowed a nurse to testify regarding her note made as to the plaintiff Wilson. This is known as a past recollection recorded. The old case of *Diamond Glue Co. v. Wietzychowski* (1907), 227 Ill. 338, 81 N.E. 392, sets forth the ground rules as to the admissibility of such evidence.

"Another condition under which a writing may be used is where the witness, after inspecting a writing, still has no independent recollection of the facts stated therein, but is able to state that he correctly reduced them to writing at the time of the occurrence or within such

a time afterward that he had a perfect recollection of them. If the witness knows that the facts were recorded at the time or when they were fresh in his memory, and that the memorandum would not have been made unless he knew the facts therein stated to be true when it was made, he will be permitted to make use of it, provided the writing is produced with an opportunity for cross-examination as to it, so that the jury may also draw their conclusion as to the fact."

■■ In the instant case the nurse testified that she made the entries in her handwriting on the hospital records and she stated specifically that the record was in her handwriting made at 5:45 A.M. on March 3rd, 1965, that if she wrote it down it was true, and that she did not remember attending Mr. Wilson. In this court's opinion this brings it within the doctrine of past recollection recorded. A proper foundation was laid.

In *Stanton v. Pennsylvania R.R. Co.* (1961), 32 Ill.App.2d 406, 178 N.E.2d 121, the court permitted a witness, a nurse, to testify from notations in her handwriting. The court held that the exhibits were admissible under the doctrine of past recollection recorded. The court held that the trial court was correct in permitting the contents to be read to the jury, the defendant having laid a proper foundation. The witness had testified the entries were made by her, that they were truthful, that she relied upon them as truthful and accurate.

In *People v. Harrison* (1943), 384 Ill. 201, at page 206, 51 N.E.2d 172, the court stated:

"The rule is that where there has been a writing made by a witness, or made at his direction at the time of the fact, for the purpose of preserving the memory of it, if at the time of testifying he can recall nothing further than that he had accurately reduced the whole transaction to writing, the latter may be admitted in evidence."

In *Healy v. City of Chicago* (1969), 109 Ill.App.2d 6, 248 N.E.2d 679, the court in reviewing the *Diamond Glue* case and *People v. Harrison,* stated that the written occurrence memorandum should have been admitted. The court went on to say that it was possible that the doctor might have received some information from someone other than the plaintiff which would only affect the weight to be given the doctor's testimony in its admissibility.

In *Wolf v. City of Chicago* (1966), 78 Ill.App.2d 337, 223 N.E.2d 231 we find that the emergency room nurse stated:

"She had no independent recollection of the incident and that she had to rely on the report made by her at the time plaintiff was admitted for emergency treatment."

She further stated that at some time the patient's history is taken from

someone other than the patient. The court held that the hospital report of the nurse was used solely as a record of her past recollection. She verified the report, read from it on the witness stand, and testified to nothing from her own memory, and the court held the testimony was proper.

Counsel has cited *Stewart v. Du Plessis* (1963), 42 Ill.App.2d 192, 191 N.E.2d 622; *Flesberg v. Prince Warehouse Co.* (1962), 37 Ill.App.2d 22, 184 N.E.2d 813; *Behles v. Chicago Transit Authority* (1952), 346 Ill.App. 220, 104 N.E.2d 635. These three cases are distinguishable. *Stewart v. Du Plessis* has no authority in this regard. That case is not applicable because the defendant failed to offer any evidence as to who prepared the report in question. Likewise, *Flesberg v. Prince Warehouse Co.* is not applicable as an attempt was made to introduce the hospital record made by various people and was offered as a business record by the hospital librarian. The maker of the record did not testify as in the instant case. In *Behles v. Chicago Transit Authority* the court refused to allow evidence sought from three doctors recorded in plaintiff's medical history appearing in the hospital record. The court properly held that this was merely a hospital record and was not a past recollection recorded nor was there any contention that it was.

Lastly, counsel has cited *Vincenzo Geroeami v. Fancy Fruit and Produce Corporation* (1936), 249 App.Div. 221, 291 N.Y.S. 837. In that case, the doctor who prepared the hospital report testified. The report in describing the patient stated that "He was intoxicated at the time." Upon testifying in court the doctor said positively that the patient was not intoxicated, and that the reference to intoxication contained in the report was predicated upon information received by some bystander who claimed he brought the man into the hospital. There was no evidence that the man who gave the information was at the scene of the accident. Obviously, the objectionable statement in the report under the circumstances was prejudicial and improperly admitted, which is not the situation with respect to the nurse's note in the present case. The *Geroeami* case is not all applicable in supporting the appellant's position.

Argument is also made as to whether or not the possible intoxication of the plaintiff who was not the driver of the motor vehicle but a passenger, is an issue.

The court properly instructed the jury on the issue of contributory negligence and the plaintiff also tendered an instruction raising the issue of plaintiff's due care.

As far as the plaintiff's possible contributory negligence is concerned the evidence discloses that the plaintiff met three men in a saloon and

asked them if they would drive them to a friend's home. All three men had been drinking. The plaintiff got into the front seat of the car from which he stated he was "going to help watch out front."

■■ Plaintiff objects to the giving of the instruction IPI 12:01:

"Whether or not a person involved in the occurrence was intoxicated at the time is a proper question for the jury to consider together with other facts and circumstances in evidence in determining whether or not he was negligent or contributorily negligent. Intoxication is no excuse for failure to act as a reasonably careful person would act. An intoxicated person is held to the same standard of care as a sober person."

on the ground that there was no evidence in the record that the plaintiff passenger was intoxicated. That is not an accurate statement of the record, and the record does raise an issue as to whether or not he was under the influence of intoxicating liquor. The plaintiff himself testified that he had "four or five beers I recall." He could not remember whether it was more or less. The fellow passenger, Bodely, testified as to Wilson's sobriety and stated "he wasn't really drunk where he did not know what he was doing." This certainly created an issue to be presented to the jury and the instruction was properly given.

It is to be also noted that instruction 12.01 does not single out the plaintiff but applies to Badger, the driver of the plaintiff's car, who testified that he had had "a couple of bourbons and water" and to the defendant who testified that he had had a martini at dinner and two beers after dinner.

■■ There are a number of cases in Illinois pertaining to contributory negligence of a guest passenger. While these cases involve suits against the driver of the car in which the guest was riding, the same principle applies to contributory negligence of the passenger in a suit against the driver of another vehicle.

Attention is directed to *Aurora National Bank v. Galauner* (1967), 81 Ill.App.2d 132, 224 N.E.2d 604. In that case plaintiff's decedent, who was the guest passenger, was asleep. The trial court held that the plaintiff's decedent could not be guilty of wilful and wanton misconduct because he must have been asleep. This court disagreed and said that the mere fact that the plaintiff was asleep was not enough to permit the court to hold as a matter of law that the plaintiff could not have been guilty of contributory wilful and wanton conduct.

"What constitutes wilful and wanton conduct depends on the facts in each case and cannot be categorically stated. Likewise, whether plaintiff's decedent was guilty of contributory wilful and wanton misconduct

in participating in the drinking, to the extent involved in the case at bar, and in thereafter subjecting himself to the peril of riding with the defendant's decedent, was a jury question."

See also *Hamas v. Payne* (1969), 107 Ill.App.2d 316, 246 N.E.2d 1; *Anderson v. Launer* (1957), 13 Ill.App.2d 530, 142 N.E.2d 828; *Busser v. Noble* (1959), 22 Ill.App.2d 433, 161 N.E.2d 150; *Tapscott v. City of Chicago* (1939), 301 Ill.App. 322, 22 N.E.2d 774; *Ryg v. Brue* (1968), 91 Ill.App.2d 229, 233 N.E.2d 761; *Siebens v. Konicek* (1969), 108 Ill.App.2d 300, 247 N.E.2d 453.

It further appears from the record that one Raymond Marshall, an investigator, took a statement of the plaintiff in the hospital on March 13th, 1965. He did this on behalf of the defendant Badger. The plaintiff contends that defendant Parker's counsel wilfully concealed this statement. However, the defendant Badger in answer to interrogatories of the plaintiff stated that he had a statement of the plaintiff. The fact that plaintiff had not secured a copy of this statement from Badger's attorneys or from the investigator on behalf of Badger, does not indicate in any way that the defendant Parker concealed the statement. The answer to plaintiff's interrogatory to Bruce Badger, discloses that he took three statements including the one in question here, on March 13th, 1965, eleven days after the accident. He further stated who had possession of the statements including the attorneys for both the plaintiff and defendant Parker. It was equally available to the plaintiff as to the co-defendant Parker and they were informed that it was extant.

The last contention of the plaintiff is that the trial court erred in permitting a police officer and the nurse, whose testimony is discussed above, to testify. Defendant correctly states that the Monier order entered was not a continuing order and that he did not discover the name of the police officer and the nurse until at, and during, the progress of the trial. As far as the police officer is concerned plaintiff called him as his own witness during rebuttal. Under the circumstances it cannot be said that the trial judge abused his discretion in refusing to allow the plaintiff attorney to interview the witnesses during the trial and before they testified, nor did the trial judge abuse his discretion in allowing the two witnesses to testify.

■■ Plaintiff's contention that Raymond Marshall, the investigator, stated in answer to a question on whose behalf he investigated the accident, he answered "on Bruce Badger's behalf." Plaintiff contends that this may have informed the jury that Badger may have been liable to the plaintiff. This contention is without merit. It is to be specifically noted that Bruce Badger was called as a witness by the plaintiff. Inasmuch as

the jury were not advised that Badger had been a co-defendant, they could have just as easily inferred that the investigation for Badger was as pertinent to the possible liability of defendant Parker to Badger as it was to any liability of Badger to plaintiff Wilson.

For the foregoing reasons the judgment of the trial court is affirmed.

Judgment affirmed.

ABRAHAMSON, J., concurs.

Mr. PRESIDING JUSTICE T. MORAN specially concurring:

The doctrine of past recollection recorded is an exception to the hearsay rule and is offered to prove the truth of what is asserted. As an exception, however, the doctrine should be strictly construed. Although affording the opportunity of cross-examination, such examination is limited since, by the very nature of the doctrine itself, the witness can have no other recollection other than the facts contained in the statement. I am of the opinion, therefore, that only the facts contained in such statement should be admissible, not conclusions therein.

In the instant case, the court, after preliminary foundation had been laid, allowed the witness (nurse) to read the following statement:

"White male admitted cart to 4 C. 2 from E.P. Patient has head dressings and multiple facial lacerations. Patient sleeping—is under alcoholic influence. Belligerent when awake. Side rails applies."

On cross-examination, when asked if she recalled the condition of the plaintiff with respect to his injuries, she responded, "only just from what I read there. I have no recollection of the case."

Research of Illinois law reveals no case wherein the doctrine has been either refined or limited with relation to conclusionary matters contained therein. However, it is my opinion in the instant case that, without any factual basis being recorded, the conclusionary statement, "is under alcoholic influence," should not have been admitted. As the majority opinion relates, this was an issue to be considered by the jury.

Further, however, it is my opinion that this error was not prejudicial and that it did not effect the outcome as a whole since, from a reading of the record, there was other ample evidence on the same subject matter to support the verdict.

Consequently, I specially concur in the results reached by the majority herein.