THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALBERT N. JENKINS, Defendant-Appellant.

(No. 56261; 

First District (2nd Division)—February 20, 1973.

Gerald W. Getty, Public Defender, of Chicago, (Shelvin Singer and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Stephen J. Connolly, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Defendant, Albert Jenkins, was charged with one count of rape and one count of armed robbery. He was tried before a jury and was found

guilty of both offenses. The trial judge sentenced him to the Illinois State Penitentiary for concurrent terms of not less than twelve nor more than twenty years on the rape offense, and not less than ten or more than twenty years on the armed robbery offense.

Defendant has appealed his convictions and raises these issues for our review: (1) whether the trial court erred in admitting testimony of the circumstances surrounding defendant's arrest when these circumstances revealed defendant's commission of another unrelated crime; and (2) whether the trial court erred in admitting the testimony of the victim's examining physician when the physician admittedly did not recall examining the victim and testified only as to the contents of his written hospital report.

The evidence in this case indicates that, on October 12, 1967 at approximately 6:00 P.M., the victim, Beverly Jones, returned home from work. Miss Jones testified that, as she entered the vestibule of her building, she stopped at her mailbox. She then unlocked the door leading to the stairway and met a man coming out of the building. They had a brief discussion concerning the tardiness of the mailman, and, as Miss Jones proceeded up the stairway to her apartment on the third floor, the same man followed her. When she reached the landing between the first and second floors, the man grabbed her, put a hand over her mouth and a gun to her head and told her to give him one dollar. Before she could comply, he told her to be quiet and to continue up the stairs. He led her through the second floor to the back stairway, then up the back stairs to the third floor doorway. He told her to put down her packages and brought her back down to the landing between the second and third floors. The man again asked her for one dollar, and she gave it to him. He immediately asked for all her money, and she complied by giving him an additional seven dollars. He then ordered her to remove her pants, and when she did not, he slapped her, repeated his order and told her to lie on the floor. She obeyed, and the man then raped her. When Miss Jones observed a woman tenant open the second floor doorway leading to the stairs, she screamed for help. The man got up and ran down the stairs. A few days later Miss Jones identified two photographs of defendant as the man who raped and robbed her, and she subsequently made an in-court identification of defendant.

The tenant who observed the rape testified at trial that she saw defendant lying on top of the victim and ran back to her apartment to call the police. She testified that she had seen defendant in the building a few days earlier. In addition to the in-court identification of defendant by this witness, prior to trial she, too, had identified two photographs of the defendant as the man she saw.

The prosecution introduced evidence that the police arrived at the apartment and took the victim to the hospital, where she was examined. The examining physician testified that his examination revealed the presence of spermatozoa. On direct examination the prosecution attempted to refresh the doctor's memory by showing him the hospital report he had made at the time of the examination. On cross-examination the witness admitted that he had no recollection of examining Beverly Jones and could only testify from the contents of his report. The report was not put into evidence, and a motion by defense counsel to strike the witness's testimony was denied.

A police officer testified that he arrested defendant eighteen months after the rape and robbery in response to a radio message concerning another crime. When defendant was in custody, his fingerprints revealed that he was Albert Jenkins and that there was a warrant for his arrest for the rape and robbery of Beverly Jones. The officer testified that until that time defendant had maintained that his name was William Nesbitt.

*OPINION*

Defendant first contends that the admission of testimony regarding his arrest was prejudicial error. The arresting officer testified that he arrested defendant as a suspect in an unrelated crime eighteen months after the offense against Miss Jones. The officer further testified that he drew his revolver in making the arrest and that defendant was at that time using a false name. Defendant contends that, even though the unrelated crime was not specified at trial, the narration of these facts suggested to the jury that defendant had committed a serious crime. Defendant argues that this testimony was irrelevant and highly prejudicial. The State maintains that the officer's narrative merely set out the circumstances surrounding defendant's arrest and was highly probative in showing flight and consciousness of guilt.

When the arresting officer commenced his testimony regarding the circumstances of defendant's arrest, defense counsel immediately objected, and, at his request, a conference was held out of the presence of the jury. The following colloquy took place:

> "Defense Counsel: I can guess, from the opening statement of the State's Attorney, what he is going to attempt to show with this police officer.
>
> I submit that we are now talking about March of 1969, a year and a half after the occasion of the occurrence. He is going to attempt, apparently, to talk about the arrest of this defendant for another crime. It has nothing to do with this crime.
>
> I submit that it would be completely improper, prejudicial and

not competent evidence, completely irrelevant to the charge of rape on October 12, 1967.

The Court: Are you finished?

Defense Counsel: Yes.

The Court: What do you have to say?

Prosecutor: Judge, I think we are permitted to show that this man was certainly arrested on March 24, 1969, and the circumstances of that arrest, as part of our case.

Defense Council: Why? For what? This crime?

Prosecutor: That's right, counsel.

Defense Counsel: He wasn't arrested for this crime.

Prosecutor: That's right.

Defense Counsel: That he is on trial for. You can't show an arrest for another crime.

Prosecutor: What are we going to say, that he came into the police station and surrendered himself?

Defense Counsel: You don't have to say anything.

Prosecutor: Your Honor, in addition to that, it's probative of the issues here that when arrested the defendant gave a false name so as to escape apprehension for this crime, which he probably knew there was a warrant outstanding for him.

Defense Counsel: Who said that he knew?

Prosecutor: Well, we can imply that he knew. Why did he give a false name. It's for the jury.

Defense Counsel: A year and a half later?

The Court: I am just waiting for you to make your statements for the record, and I'd like to rule.

Prosecutor: The State can show the circumstances of the arrest as part of our case in chief.

Defense Counsel: An arrest for this crime, I agree with you.

Prosecutor: That's the State's position, Judge.

The Court: Are you finished?

Prosecutor: Yes.

Defense Counsel: Yes.

The Court: Motion denied. Proceed."

■■ When the commission of another offense has no connection with, or relation to, the prosecution of the crime charged, and only creates prejudice against the defendant, proof of that crime renders the trial unfair and results in a denial of due process. (*People v. Butler*, 133 Ill. App.2d 299, 273 N.E.2d 37.) The law distrusts the inference that, because a person has committed other crimes, he is more likely to have committed the crime for which he is on trial. The prejudicial impact at bar is even

more pronounced because the jury was informed that the crime which precipitated defendant's arrest was one of a most serious nature, because the arresting officer drew his gun to effect the arrest. It would have been sufficient for the arresting officer to have related that at a certain time, date and place he apprehended defendant who furnished false identification, and that his true identity was discovered when his fingerprints revealed that he was the person named in the outstanding warrant for the crimes at bar. Therefore the admission into evidence of testimony of the circumstances surrounding defendant's arrest was error.

Defendant's second contention is that the testimony of the complaining witness's examining physician was improperly admitted into evidence. The record indicates that the physician who examined Miss Jones after the attack was called as a witness by the prosecution and initially stated that he had no recollection of examining her. He was given the hospital report which he had filled out at the time of the examination. He then stated that his recollection was refreshed, but proceeded to testify only to the facts set out in the record. The witness also spoke in terms of the general procedure in examining rape victims, and not specifically in terms of the examination of Beverly Jones. On cross-examination the witness admitted that he did not recall examining Miss Jones and could only testify after reading the hospital record. Defense counsel then moved to strike the witness's testimony, but the motion was denied. Defendant contends that it was error to allow the witness to testify, since he did not independently recall the facts after attempting to refresh his memory. In addition, defendant argues that the hospital record was not admissible as evidence of the examination. The State maintains that the witness's memory was, in fact, refreshed, as he stated on direct examination.

■■ From the record it is clear that the witness did not testify from his own independent recollection, but could only testify from the facts set forth in his report. It is also clear that the hospital report written by the witness did not refresh his memory. It is an established evidentiary principle that a witness may refresh his memory by the use of any instrument, but must then testify from his own independent memory. (*People v. Krauser*, 315 Ill. 485, 146 N.E. 593; *People v. Griswold*, 405 Ill. 533, 92 N.E.2d 91.) In view of this fact and Supreme Court Rule 236 (b)\*, defendant concludes that the testimony of this witness should have been stricken from the record.

■■ Both the State and defendant have ignored the equally well-established doctrine of past recollection recorded. Where a witness

---

\* Ill. Rev. Stat. 1967, ch. 110A, par. 236(b) which prohibits the introduction into evidence of medical records or police accident reports.

testifies to facts which he does not independently recall, but merely relies on a record made by him, his testimony will be admissible if a proper foundation for such testimony is laid. The witness must authenticate the writing by stating that he recorded the facts at the time of the occurrence, and that the record is truthfully and accurately a record of the facts as he observed them at the time. (*Diamond Glue Co. v. Wietzychowski*, 227 Ill. 338, 81 N.E. 392; *Stanton v. Pennsylvania R. R. Co.*, 32 Ill.App.2d 406, 178 N.E.2d 121.) When such an authentication has been made, the record may be read into evidence or testified to by the witness, even though the record is a medical report. (*People v. Greenspawn*, 346 Ill. 484, 179 N.E. 98; *Wilson v. Parker*, 132 Ill.App.2d 5, 269 N.E.2d 523.) In the instant case the witness testified only that he recognized his signature on the report; therefore the proper foundation was not laid. The contents of the report were inadmissible as evidence, and the testimony of the examining physician should have been stricken. However, medical testimony is not required to corroborate a rape, (*People v. Boney*, 38 Ill. 2d 23, 230 N.E.2d 167) and the identifications of defendant by the victim and the eyewitness were sufficiently convincing. Therefore, admission of the medical testimony alone was not reversible error.

■■ In view of our conclusion concerning these issues, we must decide whether these errors justify reversal and remandment for a new trial. Despite the strong evidence adduced by the prosecution, we hold that the introduction of the arrest testimony deprived defendant of a fair trial, and that the admission of the medical testimony further added to prejudice defendant. (*People v. Butler*, 133 Ill.App.2d 299, 273 N.E.2d 37.) The cause is reversed and remanded for a new trial.

Reversed and remanded.

LEIGHTON and HAYES, JJ., concur.