THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* HAROLD POTTS, Defendant-Appellee.

(No. 73-210;

Fifth District—February 27, 1974.

Ralph J. Mendelsohn, Assistant State's Attorney, of Cairo, for the People.

Robert E. Farrell, Deputy Defender, of Mt. Vernon (Richard E. Cunningham, Assistant Appellate Defender, of counsel), for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

This is an appeal by the State from the judgment of the Circuit Court of Saline County in which the trial judge directed a verdict in favor of defendant, Harold Potts, in a jury trial to determine whether defendant was a sexually dangerous person pursuant to the Sexually Dangerous Persons Act (Ill. Rev. Stat., ch. 38, sec. 105—1 et seq.). The question at issue is whether defendant was deprived of his right to choose and be represented by his own counsel prior to his psychiatric examination.

On July 20, 1972, a criminal complaint was issued charging defendant with the offense of indecent liberties with a child. Appearing in court with his attorney, Louis P. Johnson, the then public defender, his bond was set at $2,000. On November 30 the complaint was amended and again defendant appeared in court with Mr. Johnson for a resetting of his bond. The court took notice of the fact that in the meantime Mr. Johnson had been replaced as public defender by Lester Lightfoot, and, acting on his own, with his previous knowledge of defendant's indigency, the court announced that he was appointing Mr. Lightfoot as defendant's attorney. Both the defendant and Mr. Johnson protested, the former stating that he wanted Mr. Johnson as his attorney, and the latter stating his willingness to serve without compensation. Ignoring these protests the court stated that Mr. Lightfoot was now defendant's attorney and that Mr. Johnson could not represent him in any further proceedings. On December 6, Mr. Lightfoot filed a motion to be discharged as defendant's attorney on the grounds that defendant did not wish to consult with him, as he had retained other counsel. On December 26, on a motion

filed by Mr. Johnson to reduce bond, the court again refused to recognize Mr. Johnson. Three days later at a hearing set to hear motions and consider a petition by the State to declare defendant a sexually dangerous person, Mr. Johnson again appeared with defendant. The court continued his refusal to accept him as defendant's attorney, apparently because, on inquiry, he determined that defendant had not paid Mr. Johnson any money. Mr. Lightfoot's motion to be discharged as defendant's attorney was denied and the court directed him to represent defendant at the preliminary hearing set for January 3. This action was taken by the court in spite of Mr. Johnson's statement that he was representing defendant without pay and defendant's statement that Mr. Johnson was his attorney and that he refused to accept Mr. Lightfoot.

On January 3, Mr. Johnson appeared with defendant and informed the court specifically that he was representing defendant and that he was not asking for appointment by the court, nor was he asking any money from the county. The court was adamant, stating that in his opinion Mr. Johnson had not been employed by defendant, that the public defender is paid to defend indigents, and that Mr. Johnson had no standing in his court "as a volunteer." He then directed Mr. Johnson to remove himself from the counsel table and take a role as a spectator as he was not representing defendant. Defendant then informed the court that he would not accept the public defender and that he did not wish to proceed without Mr. Johnson. Nonetheless, at the court's insistence, the preliminary hearing proceeded and probable cause was found, with defendant acting as his own attorney and with the public defender present but taking no active part. The court then directed defendant to appear for a psychiatric examination on January 12 on the State's petition to declare him a sexually dangerous person. Defendant expressly objected to such examination without the presence of Mr. Johnson, but the court informed him that the public defender would be with him and that Mr. Johnson had no part in his case whatsoever. The court then turned to Mr. Johnson and warned him not to be present at the examination or he would be held in contempt and put in jail.

In the absence of Mr. Johnson at the psychiatric examination defendant refused to talk or take any part in the proceedings. Finally, on January 16, Mr. Johnson informed the court that he had now received a retainer from the defendant and the court thereupon relieved the public defender and allowed Mr. Johnson to represent defendant.

The jury trial to determine whether defendant was a sexually dangerous person was started with a different judge presiding. As part of the State's evidence one of the examining psychiatrists testified that based on his examination of defendant on January 12 it was his opinion that de-

fendant was a sexually dangerous person. On motion of defendant at the close of the State's evidence, the court directed a verdict in favor of defendant on the grounds that any evidence from the psychiatrist based on the psychiatric examination conducted on January 12 was inadmissible in that defendant had been denied counsel of his choice and this constituted a denial of due process.

■■ It is not disputed that even though proceedings under the Sexually Dangerous Persons Act are civil in nature, nonetheless a person proceeded against is entitled to due process for the reason that such proceedings may result in a deprivation of liberty (*People v. Studdard*, 51 Ill.2d 190); and that, as part of due process, a person is entitled to counsel prior to and during a psychiatric examination conducted pursuant to said Act. *People v. Beksel*, 125 Ill.App.2d 322; *People v. Potter*, 85 Ill.App.2d 151.

■■■ The State's contention appears to be that the court alone has the right to select an attorney for an indigent defendant, and that in the absence of a showing that the public defender appointed by the court was incompetent, or the existence of other good cause why such attorney should not represent him, the indigent has no right to choose another attorney. This argument misses the point. This is not a case in which an indigent refuses to accept the particular attorney appointed and demands the appointment of another whom he may prefer. This is a case in which a defendant, indigent or not, had his own attorney who was willing and able to represent him. Defendant did not need, nor did he request, an appointed attorney. It is true that a court may appoint counsel for an accused even in the absence of a request, but such an appointment cannot operate to deprive a defendant of his right to choose other personally-retained counsel to represent him. (*People v. Cohen*, 402 Ill. 574.) As stated in *People v. Walsh*, 28 Ill.2d 405, the right of a defendant to be represented by counsel of his own choice is absolute and he should be given full opportunity to select and employ his own attorney. And, as stated in *People v. Friedrich*, 20 Ill.2d 240, it is not the duty of the court to advise or exercise any authority or control over the selection of counsel by a defendant who is able and does employ counsel of his own choice.

■■ Here, it would appear that the trial court was under the impression that an attorney's right to represent a client and a client's right to be represented by an attorney of his own choice is dependent upon whether the attorney is being paid. We are aware of no such rule. We conclude that under the circumstances of this case the court's refusal to accept and permit defendant's attorney to represent him constituted a denial of defendant's constitutional right to choose his own attorney.

The State argues further that even if defendant was denied assistance of counsel at the psychiatric examination this error did not result in prejudice to defendant because he merely remained silent and made no self-incriminating statements. We cannot agree. As stated above, the constitutional right of an accused to be represented by counsel of·his own choice where such counsel is available to him is absolute. Being absolute, there can be no speculation as to how and in what manner defendant may have been prejudiced by the total denial of such right.

The judgment of the Circuit Court of Saline County is affirmed.

Affirmed.

G. MORAN, P. J., and EBERSPACHER, J., concur.