THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID BRUCE, Defendant-Appellant.

(No. 73-355;

Fifth District—September 15, 1975.

Robert E. Farrell, of State Appellate Defender's Office, of Mt. Vernon, and Nancyann Leeder, Law Student, for appellant.

Michael J. Henshaw, State's Attorney, of Harrisburg (C. Mart Watson, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

A jury found the defendant, David Bruce, guilty of burglary and the Circuit Court of Saline County entered a judgment of conviction against the defendant. After a hearing in aggravation and mitigation, the court sentenced the defendant to a term of 2 to 8 years.

Defendant asserts three issues on appeal: First, he contends that he was not proven guilty beyond a reasonable doubt; secondly, he argues that he was denied his right to a fair and impartial trial; finally, he asserts that the sentence imposed was excessive.

The defendant premises his first contention upon the alleged insufficiency of the evidence. A reviewing court will not disturb a guilty verdict on grounds of insufficient evidence unless it is so unsatisfactory, improbable or unreasonable and so palpably contrary to the evidence as to justify the court in entertaining a reasonable doubt of the defendant's guilt. (*People v. Rogers,* 132 Ill.App.2d 501, *People v. Hill,* 61 Ill.App.2d 16.) Where the evidence is contradictory, it is the province of the jury to determine the credibility of witnesses and the weight to be given their testimony. (*People v. Zuniga,* 53 Ill.2d 550.) Here, the testimony of defendant and his alibi witnesses conflicts with the testimony of the two alleged accomplices and the two corroborating State's witnesses. The contradictory evidence notwithstanding, we hold that there existed adequate evidence to support the jury's verdict that defendant was guilty as charged beyond a reasonable doubt.

To establish its case, the State relied primarily on the testimony of two alleged accomplices, Herron Wyman and William Holtz. Essentially, both men testified that the defendant was among a group of six alleged

accomplices, which included the wife of the defendant, who arrived at the home of Sam Hise in Galatia, Illinois, in the early evening of October 27, 1972. Both men agreed that the defendant helped take furniture and household goods out of Hise's house and load these items into a U-Haul van. Wyman testified that at approximately 9:30 p.m. on the evening in question, the defendant gained entrance to Hise's house by prying open a window with a large screwdriver. Wyman further implicated the defendant, recalling that defendant asked Cheryl Owens, in whose apartment the contraband was supposedly stored after the break-in, to set aside a rifle and a few dishes for him. According to Wyman, he and the defendant traveled to Cloverdale, Indiana, where they sold a china cabinet, identified by Sam Hise as an item taken from his house, to Mrs. Alesa Rubendall. Wyman and the defendant apparently divided the proceeds.

The third prosecution witness, William Holtz, testified that he and Cheryl Owens, the defendant and his wife, and Wayne and Janice Wyman traveled in two vehicles to the Hise house. He related that he, Wyman and defendant had "cased" the Hise premises about a week before October 27, 1972. Holtz further stated that with the help of the defendant and Wyman one of the vehicles was loaded with goods taken from the house, and the three women were present the entire evening. On cross-examination the defense attempted to impeach Holtz by showing malice.

Mrs. Rubendall identified the defendant as the man who remained in the car during her purchase of the china cabinet. Mary Jo Betts, the other corroborating witness who had been the coowner of a U-Haul rental firm in Indiana, identified defendant as the person who inquired about leaving a wedding ring and his wallet in the U-Haul van which had been rented by Wyman on October 27 and returned on October 28.

Despite minor discrepancies in the testimony of admitted accomplices, Wyman and Holtz, concerning events prior to and after the alleged burglary, and in spite of defense counsel's attempts otherwise to impeach the accomplices' credibility by prior inconsistent statements, by showing enmity toward the defendant and defendant's father, by eliciting testimony from both accomplices that they hoped for immunity from prosecution, and by establishing that Wyman was a convicted burglar, the elements of burglary were made out. There was sufficient evidence to show that the defendant broke into Hise's house with the intention of committing a theft therein. The testimony of the State's witnesses established that the defendant helped "clean out" Hise's house, loaded furniture and household items into a U-Haul van, and later sold a china cabinet taken from the house.

Defendant, testifying on his own behalf, denied any complicity in the

alleged burglary and relied upon an alibi defense. Both defendant's father and uncle testified that on the evening of the alleged offense, the defendant worked on a transmission with his uncle until being picked up by his father. According to the defendant and his father, defendant was taken to his own home about 9 p.m., where, according to the defendant, he spent the night. If this testimony were believed, the defendant could not possibly have participated in the burglary, which allegedly occurred after 9:30 p.m. on the date in question.

■■ That the jurors believed the State's witnesses, rather than the defendant and the alibi witness members of his family, was within their province as triers of fact. Although the State's evidence contained discrepancies and the testimony of the admitted accomplices stood inherently suspect, we find that ample credible evidence existed for the jury to have found defendant guilty of burglary beyond a reasonable doubt.

Next, the defendant asserts that he was denied a fair and impartial trial because of: (1) the court's exclusion of testimony and real evidence tending to impeach the State's key witnesses; (2) the court's removal of an attorney, who was advising defense counsel, from chambers during a conference to resolve a point of evidence; (3) the State's attorney's alleged prejudicial remarks during closing argument regarding evidence excluded pursuant to the prosecution's own objection; and (4) the inflammatory nature of the prosecutor's remarks in closing argument. We find that none of these alleged errors, within the context of the record of the instant case, denied the defendant his constitutional right to a fair and impartial trial.

■■ Reception of evidence collateral to any issue in a case and intended to affect the credibility of a witness rests usually within the discretion of the trial court; and a ruling concerning it is no reason for reversal of judgment, in absence of abuse of discretion. *Joseph W. O'Brien Co. v. Highland Lake Construction Co.*, 17 Ill.App.3d 237; *Hampton v. Struve* (1955), 160 Neb. 305, 70 N.W.2d 74. *People v. Rudnicki*, 394 Ill. 351; *People v. Steptore*, 51 Ill.2d 208, 216.

■■ In the instant case, the trial judge was correct in refusing to allow testimony and admission of business records to prove that Cheryl Owens was at work at the time of the burglary. Whether Cheryl Owens was at the scene of the crime is collateral to the issue whether defendant was there. Although the testimony of Miss Owens' employer and introduction of his business records would tend to contradict the testimony of Wyman and Holtz regarding Miss Owens' presence at the scene of the burglary, proof of business entries does not extend to prove the attendance of a person at work. Miss Owens did not testify and the purpose of this proffered testimony was simply to impeach the State's witnesses. In any

event, the matter was collateral and the court in its discretion could limit the proof of a collateral issue. The record does not indicate an attempt by the defense to secure Miss Owens' presence or testimony. Accordingly, we find no error resulting from exclusion of this impeachment evidence relating to collateral matters.

■■ Defendant argues that the trial court erred in excluding from a conference in chambers an attorney who was assisting defense counsel. Defendant contends that since there were two prosecutors in the case, the exclusion of Mr. Johnson who was assisting the court appointed attorney caused an "imbalance" in the case as well as denying defendant the right to counsel of his choice. It is well established that an indigent defendant facing possible imprisonment has the right to counsel appointed by the court. (*Argersinger v. Hamlin*, 407 U.S. 25, 32 L.Ed.2d 530, 92 S.Ct. 2006 (1972).) The record shows that Lester Lightfoot was appointed to represent defendant at defendant's initial appearance before the court, and that Mr. Lightfoot continued to represent defendant throughout the proceedings. There are no cases holding that an "imbalance" of counsel violates the right of defendant to a fair and impartial trial. That the prosecutor was assisted here by an assistant State's attorney while defendant was represented by only one counsel resulted in no infringement of defendant's right to a fair trial.

Defendant cites *People v. Potts*, 17 Ill.App.3d 867, in support of his contention that he was denied the counsel of his choice. In *Potts*, the defendant was represented by counsel, the same Mr. Louis Johnson, who was excluded from chambers in the instant case. There the court refused to let Mr. Johnson represent the defendant even though defendant repeatedly insisted that Mr. Johnson was his attorney. *Potts* is distinguishable from the case at bar. Nowhere in the record of the instant case does it show that defendant himself rejected Mr. Lightfoot or requested a consulting attorney. It would be a landmark decision indeed if this court were to hold that a competent defense counsel is entitled to assistance of counsel at trial. It should be noted, however, that the record does not reflect that Mr. Johnson was prohibited from continuing to act in his consulting capacity after being ejected from chambers. In fact Mr. Johnson's name does not appear in the transcript of proceedings before or after the court's order that he leave the judge's chamber. For these reasons, we are of the opinion that the trial court did not err in excluding Mr. Johnson, who was not an attorney of record, from chambers during the trial.

■■ The last two of the appellant's contentions asserting denial of a fair trial focus on the conduct of the prosecutor during his closing argument. Defense counsel at no time objected to any of these alleged improprieties. Moreover, his motion for a new trial failed to mention any

of the supposed errors. The law is well established that failure to object or to cite the offensive conduct in a post-trial motion acts as a waiver of the alleged error. (*People v. Lampson,* 6 Ill.App.3d 1099, *People v. Ewell,* 5 Ill.App.3d 443; *People v. Waters,* 2 Ill.App.3d 429.) The language of the court in *People v. Koshiol,* 45 Ill.2d 573, 580, is fitting:

> "Finally, we find that the prosecutor's final argument to the jury was not prejudicial to the defendant. While certain remarks may have been improper, though unobjected to in the trial court, nevertheless, in view of the clear and convincing evidence of the guilt of the defendant we do not believe that the remarks could have influenced the result, or that the verdict could have been otherwise had the statements not been made. [Citation.]"

While this court is empowered to note plain error not properly preserved (Ill. Rev. Stat., ch. 110A, § 615), we find nothing in the argument so prejudicial as to warrant our invoking this power here.

■■ Finally, the defendant contends that his sentence of two to eight years for burglary was excessive. Burglary is a Class 2 felony requiring that "(3) for a Class 2 felony, the minimum term shall be 1 year unless the court, having regard to the nature and circumstances of the offense and the history and character of defendant, sets a higher minimum term * * *." (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—1.) Here, the defendant requested probation. His record and history were before the court. At the time of commission of the offense, he was 19 years of age. He is married, and the father of two small children. Although his employment record is sporadic, the defendant lives with and tries to support his family by working for his uncle. In aggravation, the State noted that the burglary was planned by a group of people. The Hise home was "cased" and then "completely cleaned out." In imposing the sentence the trial judge specified that he would disregard improper evidence of prior and pending offenses not reduced to conviction.

In reviewing the sentence imposed by the circuit court it is not our function to determine the propriety thereof based on what we might have done; rather, we are to determine whether the trial court exercised proper discretion in imposing sentence. (*People v. Taylor* 33 Ill.2d 417; *People v. White,* 22 Ill.App.3d 180 (5th Dist.).) Even though the trial judge failed to state for the record his reasons for imposing a sentence greater than the minimum term for the burglary, we find no abuse of discretion. The serious nature and circumstances of the defendant's crime provides sufficient aggravation to affirm the circuit court's sentence.

Affirmed.

G. MORAN and KARNS, JJ., concur.