THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee *v.* BILL OLSON, Defendant-Appellant.

Fourth District   Nos. 14441, 14589 cons.

Opinion filed April 21, 1978.—Rehearing denied May 25, 1978.

Craig H. Greenwood, of Bloomington, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Robert C. Perry and Marc D. Towler, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

The two cases discussed in this opinion involve defendant's separate convictions for delivery of less than 30 grams of cocaine, a controlled

substance, in violation of section 401(b) of the Illinois Controlled Substances Act. (Ill. Rev. Stat. 1975, ch. 56½, par. 1401(b).) The defendant was sentenced to 5 years' probation subject to a condition of 5 months' periodic imprisonment and to 1½ to 4½ years' imprisonment after separate McLean County juries found him guilty of the two offenses. On appeal, defendant attacks both convictions and the 1½- to 4½-year sentence. Owing to the similarity of the cases, we have on our own motion consolidated them for argument and opinion.

A December 13, 1976, indictment charged defendant with having delivered less than 30 grams of cocaine on July 28, 1976. On February 18, 1977, defendant filed a motion to join this charge with two others for the reason that all three allegedly arose out of the "same comprehensive transaction." In denying the motion for joinder, the court held that the three charges involved separate transactions occurring on June 16, 1976, July 20, 1976, and July 28, 1976.

At the trial for the offense of July 28, 1976, Joseph Bubonic, a supervising criminologist for the Illinois Bureau of Investigation (I.B.I.), testified to the procedures he used to analyze the substance which defendant allegedly delivered. The witness testified that, in his opinion, his analysis of the substance disclosed that it contained cocaine. On cross-examination, the witness testified that he had performed several thousand analyses since 1971 and had performed over 100 cocaine analyses during that period. The witness repeatedly testified that he had no independent recollection of analyzing the substance which the defendant allegedly delivered, although he did have notes which he regularly took at the time of all of his analyses. Those notes formed the factual basis for his testimony. The court, therefore, denied defendant's repeated motions to strike the witness' testimony.

Jerry Deen, an I.B.I. special agent, testified that the defendant sold him a gram of cocaine on July 28, 1976, while both attended the party with Donna Hangen, a Metropolitan Enforcement Group (M.E.G.) undercover agent, who did not testify at the trial. At the party, Deen stated that he was unemployed, that he occasionally functioned as a pimp or procurer of prostitutes, and that Ms. Hangen was one of his prostitutes. The defendant attacked Deen's credibility by producing Michael Bacon who testified that, on July 20, 1976, at another party, he observed Deen and Hangen retire to a bedroom, alone. After approximately 20 or 30 minutes, Bacon observed Hangen, naked, emerge from a bathroom and reenter the bedroom. Within minutes, Deen and Hangen returned to the party, but Deen was flushed and perspiring. On rebuttal, Deen testified that Hangen was not naked at the party but had removed only her outer clothing in order to maintain her cover as a prostitute for Deen.

At the instructions conference, defendant tendered Illinois Pattern Jury Instructions, Criminal, Nos. 2.01, 17.02, 26.02, 26.05 (1968) (hereinafter

cited as IPI Criminal) which define possession as a lesser included offense of delivery of cocaine and which set forth the verdict forms for the possessory offense. Those instructions, however, were refused because the court did not feel that the possessory offense was involved in this case.

Thereafter, the jury found defendant guilty of delivering less than 30 grams of cocaine on July 28, 1976, and the court imposed a sentence of 5 years' probation with the condition that defendant serve a 5-month term of periodic imprisonment at the county jail.

At the trial for the offense of July 20, 1976, Deen again testified in regard to his attendance at the party on that date with M.E.G. Agent Hangen. Deen stated that he purchased .1 gram of cocaine from the defendant during the course of that party. He also stated that he and Hangen shared a lighted marijuana cigarette with others at the party. Instead of actually smoking the cigarette, Deen claimed that the officers blew into the cigarette but did not inhale its smoke. Deen again testified that Hangen removed her outer clothing, a halter top and shorts, and walked out of the bedroom to the bathroom in order to maintain the officer's cover. After returning from the bathroom, both officers left the bedroom door ajar and crawled into bed where Hangen placed some perfume or makeup in Deen's eyes to make them turn red and begin to water. Deen hoped that this would give him the appearance of having used cocaine.

An I.B.I. criminologist, Susan Johns, testified that she analyzed the substance which defendant allegedly sold to Deen. In her opinion, the substance contained cocaine. When the witness testified in regard to the procedures she used in analyzing the substance, she referred to her notes on the original laboratory report. Defendant objected to that testimony, saying that a proper foundation had not been laid and that the testimony was hearsay. That objection was denied as well as many similar objections made whenever the witness was asked to recall the procedures used by her in testing the substance. On cross-examination, the witness stated that she could not independently recall receiving or analyzing the substance allegedly sold by the defendant. Rather, her testimony was based on the fact that she regularly took and preserved notes of her analyses including the analysis of the substance involved in this case. When the witness finished, the court denied defendant's motion to strike her testimony.

Thereafter, the jury found defendant guilty of delivering less than 30 grams of cocaine on July 20, 1976. At a sentencing hearing, evidence of defendant's good character was presented to the court as well as evidence of defendant's other deliveries of cocaine and marijuana. At the conclusion of the hearing, the court imposed a sentence of from 1½ to 4½ years' imprisonment.

On appeal, defendant contends: (1) that the testimony of I.B.I.

criminologists Bubonic and Johns should not have been presented to the jury; (2) that the instructions in the trial for the offense of July 28, 1976, were defective; (3) that the court should have granted defendant's motion for joinder of the instant charges with a marijuana charge; and (4) that the court abused its discretion in imposing a 1½- to 4½-year sentence for the offense of July 20, 1976.

■■ In the interrogation of a witness, counsel may have the witness refresh his memory by referring to a memorandum written by the witness or another person, by looking at a tangible object, or by responding to leading questions where such questions are proper. (Cleary, Illinois Evidence §6.8, at 88-89 (2d ed. 1963); McCormick, Evidence §9, at 14-19 (2d ed. 1972); P. Marshall, Lecture on Selected Topics of Evidence, 1972 Report of the Illinois Judicial Conference 120, 126-28; 3 Wigmore, Evidence §§758-65, at 125-45 (Chadbourn rev. 1970).) The item used to refresh the witness' recollection must be furnished to opposing counsel on demand, even if the refreshment occurs prior to the time the witness takes the stand. *People v. Scott* (1963), 29 Ill. 2d 97, 111-12, 193 N.E.2d 814.

■■ If the witness has exhausted his memory and is unable to recall an event even after counsel has attempted to refresh the witness' memory with a document, the document itself may be admissible under the doctrine of past recollection recorded. In such an event, the court should be primarily concerned with the reliability of the writing which the witness must swear is a record of his past recollection. (McCormick, Evidence §§299-303, at 712-16 (2d ed. 1972); 3 Wigmore, §§734-55, at 77-125 (Chadbourne rev. 1970); Cleary, Illinois Evidence §17.32, at 299 (2d ed. 1963).) McCormick notes that, while a few courts hold that the writing itself is not admissible as an exhibit, a majority of courts hold that the writing is admissible to prove the truth of matters asserted in it. (McCormick, Evidence §299, at 712-13 (2d ed. 1972).) This majority rule was followed by our supreme court in *People v. Harrison* (1943), 384 Ill. 201, 206, 51 N.E.2d 172, where the court held: "The rule is that where there has been a writing made by a witness, or made at his direction at the time of the fact, for the purpose of preserving the memory of it, if at the time of testifying he can recall nothing further than that he had accurately reduced the whole transaction to writing, the latter may be admitted in evidence. (*People v. Greenspawn*, 346 Ill. 484.)"

■■■ In the instant case, the State's criminologists, Bubonic and Johns, testified that they exhausted their independent memories on the stand and were testifying directly from their notes. In having the witnesses testify from their notes, the State was not refreshing the witnesses' present memories, but was introducing evidence of the witnesses' recorded past recollection without actually presenting the record to the jury. Neither the State nor the defendant offered the record as an exhibit. The doctrine of

past recollection recorded does not require that the actual record be admitted into evidence if an adverse party fails to move for its admission; however, the record's contents may still be read to the jury by the witness. (*People v. Vance* (1977), 53 Ill. App. 3d 573, 368 N.E.2d 758, 764-65; *People v. Jenkins* (1973), 10 Ill. App. 3d 166, 172, 294 N.E.2d 24; *Stanton v. Pennsylvania R.R. Co.* (1961), 32 Ill. App. 2d 406, 408-10, 178 N.E.2d 121.) In fact, in the Federal courts, the record cannot be admitted as an exhibit unless offered by an adverse party. (Fed. R. Evid. 803(5).) In the instant case, because the requirements of *Harrison* were met and because the defendant did not ask that the notes taken by Bubonic and Johns be admitted into evidence, we find no error in the denial of the motions to strike the testimony of those witnesses.

In his supplemental reply brief, the defendant contends that the State argued at the trial for the offense of July 20, 1976, that Johns' testimony was proper because she used her notes to refresh her recollection. The defendant alleges that the State impermissibly changed its theory of admissibility on appeal and argued the past recollection recorded theory. (See *People v. Miller* (1977), 55 Ill. App. 3d 136, 139-40, 370 N.E.2d 639, 642.) Our careful review of the record, however, fails to disclose any inconsistency in the State's trial and appellate theories. The State argued in both courts that Johns' testimony was admissible under the doctrine of past recollection recorded.

■■ Defendant also contends that Bubonic's notes were inadmissible because they were not furnished to the defendant after he made his request for discovery. The exclusion of evidence for noncompliance with our rules of discovery is a harsh sanction and should only be used as a last resort after all else has failed to compel discovery. (*People v. Jackson* (1977), 48 Ill. App. 3d 769, 771, 363 N.E.2d 392.) In the trial for the offense of July 28, 1976, the defendant did not immediately object to Bubonic's use of the notes or ask for a continuance to permit his review of the notes. Rather, the defendant waited until he filed his post-trial motion to object to the testimony. Because of this and because the defendant was given an opportunity to extensively cross-examine Bubonic in regard to the notes, we hold that the State's noncompliance with discovery was harmless error in the context of this case.

The State concedes that possession of a controlled substance is a lesser included offense of delivery of the same substance. The State, however, contends that its trial theory was that the defendant was either guilty of delivery of a controlled substance or guilty of nothing at all. The State argues that the defendant's tendered instructions and verdict forms for . the possessory offense were unnecessary and properly refused.

■■ In *People v. Thompson* (1976), 35 Ill. App. 3d 773, 776, 342 N.E.2d 445, the court noted that a defendant is entitled to instructions on any

defense which the evidence tends to prove, although "* * * where the evidence shows [that] the accused is either guilty of the higher offense or not guilty of any offense, an instruction on the lower offense is unnecessary and properly refused." In the instant case, if the jury believed Agent Deen's testimony that defendant possessed cocaine, they would also have had to believe that defendant also delivered the cocaine because both offenses were intimately connected. Bacon's testimony in regard to the presence of cocaine in the trailer occupied by defendant and numerous other party-goers on July 20, 1976, does not demonstrate that the *defendant* knowingly possessed cocaine as is required by section 402(a) of the Controlled Substances Act. (Ill. Rev. Stat. 1975, ch. 56½, par. 1402(a).) We, therefore, hold that the court did not err in refusing to instruct on the alleged possessory offense.

■■ The defendant contends that the two instant charges should have been joined for a single trial with another charge that he made a marijuana sale to Agent Deen on June 16, 1976. Section 111—4(a) of the Code of Criminal Procedure of 1963, provides that: "Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are based on the same act or on 2 or more acts which are part of the same comprehensive transaction." (Ill. Rev. Stat. 1975, ch. 38, par. 111—4(a).) Section 114—7 of the Code provides that: "The court may order 2 or more charges to be tried together if the offenses and the defendants could have been joined in a single charge. The procedure shall be the same as if the prosecution were under a single charge." (Ill. Rev. Stat. 1975, ch. 38, par. 114—7.) The decision to permit joinder is a matter left to the sound discretion of the trial court (*People v. Carmack* (1977), 50 Ill. App. 3d 983, 987-88, 366 N.E.2d 103, 107) and, in the instant case, we cannot say that the court abused its discretion in refusing to permit joinder. Although the three deliveries were made by the same defendant to the same police officer, they were made on completely separate occasions. Each delivery was independent of the others and was not part of an overall plan by defendant to furnish an uninterrupted supply of drugs to Deen. Accordingly, we hold that the court did not abuse its discretion by refusing to permit joinder for trial in this case.

Defendant essentially contends that the court abused its discretion in imposing a 1½- to 4½-year sentence for the offense of July 20, 1976. Defendant argues that he should have been granted probation for the offense and that, in any event, the term of imprisonment is excessive. In *People v. Honn* (1977), 47 Ill. App. 3d 378, 383, 362 N.E.2d 90, 94, we noted that appellate courts do not have authority to reduce a sentence of imprisonment to probation. In *Honn* and in *People v. Wilson* (1977), 47

Ill. App. 3d 220, 361 N.E.2d 1155, we reversed sentences of imprisonment imposed on drug offenders and remanded for resentencing because the sentencing judges either expressly or implicitly stated that drug offenders were not entitled to consideration for probation. In *Honn* and *Wilson* we held that the sentencing judges seriously abused their discretion.

■■ The record before us does not reflect that the sentencing judge abused his discretion in imposing a sentence of imprisonment on the instant defendant. Without such an abuse evident in the record, we decline to tinker with the sentence imposed by the sentencing judge. *People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882, 883; *Honn; People v. Hines* (1976), 44 Ill. App. 3d 204, 206, 357 N.E.2d 884, 885.

The defendant has raised a number of other issues concerning the sufficiency of the proof introduced at both of his trials. He has, however, neglected to argue them in his briefs. Accordingly, on the authority of Supreme Court Rule 341(e)(7) (58 Ill. 2d R. 341(e)(7)), we hold that those issues are waived.

For the foregoing reasons, we affirm defendant's convictions for delivery of cocaine, a controlled substance, and the 1½- to 4½-year sentence imposed for the offense of July 20, 1976.

Affirmed.

GREEN, P. J., and WEBBER, J., concur.